**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DENYELL MARSHEE RODGERS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07525 (JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY, | **OPINION** |
| Defendant. |  |

APPEARANCES

Denyell Marshee Rodgers, Plaintiff Pro Se
828 Elm Street
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

1.  By Complaint dated October 18, 2016, Plaintiff Denyell Marshee Rodgers sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1 ("Original Complaint"), § III(A). The Complaint stated in its entirety: "I was made to sleep on the floor of the jail" (*id*. § III(C)) at "Camden County Correctional Facility" (*id*. § III(A)) during "year of 2012 as well as 2016." *Id*. § III(B).

2.  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77, requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. §

1915(e)(2). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

    3.   In accordance with these directives of the PLRA, this Court undertook the requisite screening and, by Order dated February 24, 2017 (Docket Entry 4 ("Dismissal Order")): (a) dismissed with prejudice Plaintiff's claims against the defendant correctional facility; and (b) dismissed without prejudice Plaintiff's claims alleging constitutional violations as to conditions of confinement.

    4.   The February 24 dismissal of Plaintiff's claim against the correctional was with prejudice because, as explained in this Court's February 24, 2017 Opinion that accompanied the Dismissal Order, correctional facilities are not "state actors" subject to liability within the meaning of 42 U.S.C. § 1983. Docket Entry 3, at 2 ("Dismissal Opinion") (citing *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–

39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983)).

5. The February 24 dismissal of Plaintiff's conditions of confinement claim was without prejudice because, even accepting the statements in § III of Plaintiff's Complaint as true for screening purposes only ("I was made to sleep on the floor of the jail" (Original Complaint § III(C)), there was not enough factual support for the Court to infer that a constitutional violation had occurred in connection with Plaintiff's incarceration. Dismissal Opinion at 4-5.

6. The Dismissal Order granted Plaintiff leave to amend the Complaint within 30 days of the date of the Dismissal Order to plead sufficient facts to support a reasonable inference that a constitutional violation occurred during his confinement, such as: adverse conditions that were caused by specific state actors; adverse conditions that caused Plaintiff to endure genuine privations and hardship over an extended period of time; or adverse conditions that were excessive in relation to their purposes.

7. On March 22, 2017, Plaintiff submitted an Amended Complaint, again asserting claims arising from incarceration at "Camden County Correctional Facility" (Docket Entry 5 ("Amended Complaint") at § III(A)), but differing from the Original

3

Complaint as to conditions of confinement facts and alleged injuries[1]:

    a. First, as to conditions of confinement facts, the Amended Complaint contends that Plaintiff: (i) was "not supplied with an ind[i]gent packet" during "7 day lockdown for 23 hours per day"; (ii) "wasn't supplied with any form of washcloth to shower with so I had no way of keeping up with my hygiene during this time"; (iii) "was not given any toilet paper"; and (iv) "had no soap." Amended Complaint, Docket Entry 5, § III(C). Unlike the Original Complaint, the Amended Complaint contains no allegations concerning Plaintiff being "made to sleep on the floor" while incarcerated. Original Complaint, § III(C). In short, the Amended Complaint does not adopt the allegations in the Original Complaint as to conditions of confinement being challenged.

---

[1] Plaintiff's Amended Complaint also differs from the Original Complaint with respect to dates, which the Court construes as Plaintiff's recognition of footnote 3 in the Court's Dismissal Opinion regarding the applicable two-year statute of limitations. Specifically, the Amended Complaint contends that the events giving rise to Plaintiff's claims occurred "4/2016 [during] first seven days of a 14 day [i]ncarceration period." Amended Complaint § III(B). The Original Complaint had alleged that the events occurred "year of 2012 as well as 2016." Original Complaint § III(B).

b. Second, as to alleged injuries, the Amended Complaint contends that Plaintiff "sustained a rash on bottom and private area that was later treated with a vaginal cream." Amended Complaint § IV. Plaintiff denied sustaining any injuries in the Original Complaint. Original Complaint § IV ("N/A"). In short, the Amended Complaint does not adopt the allegations in the Original Complaint as to Plaintiff's purported injuries.

8. In accordance with the directives of the PLRA, the Court must now screen the Amended Complaint to dismiss any claim that is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from suit. Pursuant to this mandate of the PLRA, the Court now finds that Plaintiff's March 22, 2017 Amended Complaint is insufficient to constitute an amended complaint that survives this Court's review under § 1915.

9. First, whether referred to as "Camden County Correctional Facility" (Docket Entry 1 § III(A); Docket Entry 5 at 1; Docket Entry 5 § I(B)) or "Camden County Jail" (Docket Entry 1 § I(B)), Plaintiff's claims against the defendant correctional facility where Plaintiff was incarcerated cannot survive dismissal with prejudice.

10. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

11. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

12. Because neither the Original Complaint nor the proposed Amended Complaint have sufficiently alleged that a "person" deprived Plaintiff of a federal right, neither the Original Complaint nor the proposed Amended Complaint meet the standards necessary to set forth a *prima facie* case under § 1983. As explained above and also in this Court's February 24 Dismissal Opinion, neither the Camden County Correctional Facility ("CCCF") nor the Camden County Jail ("CCJ") are "persons" within the meaning of § 1983.

13. Therefore, any and all claims against either or both correctional entities must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

14. Given that claims against either or both entities must be dismissed with prejudice, such claims may not proceed and Plaintiff may not name either CCCF or CCJ as a defendant.

15. Second, like the Original Complaint, the Amended Complaint still does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred as to conditions of confinement.

16. Due process analysis requires courts to consider whether the totality of confinement conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008). Due process protections "secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Hurtado v. California,* 110 U.S. 516, 527 (1884). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,' *Collins v. City of Harker Heights,* 503 U.S. 115, 129 (1992), thereby recognizing the point made by Chief Justice Marshall, that 'it is *a constitution* we are expounding,' *Daniels v. Williams*, 474 U.S. 327, 332 (1985) (quoting *M'Culloch v. Maryland,* 17 U.S. 316 (1819) (emphasis in original))." *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

17. Furthermore, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

18. Accordingly, to demonstrate that purportedly crowded incarceration conditions of a pretrial detainee shock the conscience and thus violate due process rights, more is necessary than, such as Plaintiff herein alleges, simply "not

[being] supplied with an ind[i]gent packet [of] . . . postcards" or "[not being] supplied with any form of washcloth." Amended Complaint § III(C). Thus, the Amended Complaint does not cure the pleading defects in the Original Complaint as to Plaintiff's condition of confinement claims.

19. Therefore, even liberally construing the Complaint and the Amended Complaint as this Court is required to do, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), Plaintiff has still failed to plead sufficient facts to support a reasonable inference that a constitutional violation occurred during his incarceration in order to survive this Court's review under § 1915.

20. In light of the opportunity that has already been afforded to Plaintiff by this Court's February 24, 2017 Dismissal Order to submit a complaint that meets the requisite pleading standards, and given Plaintiff's inability in the March 22, 2017 Amended Complaint to allege facts sufficient to survive § 1915 review, the Court concludes that permitting further amendment would be futile and hereby dismisses the entirety of all claims in both the Original Complaint and in the Amended Complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with

prejudice after District Court gave *pro se* plaintiff several opportunities to comply with Rule 8).

21. For the reasons stated above: (a) the Complaint remains dismissed with prejudice as to Plaintiff's claims against the correctional facility defendant; (b) the Complaint is dismissed with prejudice as to claims concerning conditions of confinement, for failure to state a claim; and (c) the Amended Complaint is dismissed with prejudice in its entirety, for failure to state a claim.

22. An appropriate order follows.


**April 7, 2017**          **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                                  Chief U.S. District Judge